# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE       )
                                     )
         v.                    )       Cr. I.D. No. 1206018361
                                     )
HARRY W. ANDERSON,     )
                                     )
      Defendant.          )

Date Submitted: June 18, 2015
Date Decided: June 24, 2015

## ORDER DENYING DEFENDANT'S MOTION
## FOR RELIEF FROM JUDGMENT

This 24th day of June 2015, upon consideration of the Motion for Relief from Judgment pursuant to Superior Court Civil Rule 60(b) ("Motion") filed by Defendant, Harry Anderson; the applicable law; and the record in this case:

1. In 2012, Defendant Harry W. Anderson was arrested and indicted on multiple counts of Felony Theft, Burglary Third Degree, and Criminal Mischief. On January 24, 2013, Defendant pled guilty to two counts of Burglary Third Degree. As part of the plea agreement, the State filed a motion to sentence Defendant as a habitual offender pursuant to 11 *Del. C.* § 4214(a) with respect to one of the two counts of Burglary Third Degree.

2. After pleading guilty but before he was sentenced, Defendant filed a series of unsuccessful motions and letters, as a self-represented litigant, requesting

dismissal of the Superior Court charges against him.[1] At Defendant's sentencing hearing on September 20, 2013, the Court heard oral argument on Defendant's motion to withdraw his guilty plea. Defendant stated that he entered the guilty plea under duress on the grounds that Defendant's Trial Counsel refused to file a motion to suppress and because Defendant's Trial Counsel had a conflict of interest. The Superior Court denied Defendant's motion, finding that Defendant entered a knowing, intelligent, and voluntary guilty plea.[2]

3. The Court sentenced Defendant as a habitual offender on one of the two counts of Burglary Third Degree, to six years at Level V. As to the second count of Burglary Third Degree, the Court sentenced Defendant to three years at Level V, suspended for 18 months at Level III. After sentencing, Defendant appealed to the Delaware Supreme Court as a self-represented litigant.[3] The Supreme Court affirmed the Superior Court's judgment of conviction and the sentence imposed.[4]

---

[1] *See Anderson v. State*, 2014 WL 3511717, at n. 5 (Del. July 14, 2014) (detailing Defendant's allegations that Trial Counsel refused to file a motion to suppress and that Trial Counsel had a conflict of interest, which, according to Defendant, resulted in a coerced guilty plea).

[2] The Delaware Supreme Court affirmed the Superior Court's finding, stating "[the Supreme Court] can discern no basis upon which to conclude that [Defendant's] guilty plea was not voluntarily entered or was entered because of [Defendant's] misapprehension or mistake as to [Defendant's] legal rights." *Id.* at *2.

[3] *State v. Anderson*, 2014 WL 604680 (Del. Super. Feb. 10, 2014) (granting Defendant's request to proceed *pro se on* appeal to the Delaware Supreme Court).

[4] *Anderson*, 2014 WL 3511717, at *3. *See also Anderson v. State*, 2015 WL 1396360, at *1–2

4. On October 10, 2014, Defendant filed a motion for postconviction relief on grounds that: (1) Defendant's guilty plea was coerced; (2) Defendant's Trial Counsel had a conflict of interest representing Defendant; and (3) ineffective assistance of counsel.[5] Defendant also sought appointment of counsel. On January 6, 2015, the Court denied Defendant's motion for postconviction relief as procedurally barred pursuant to Rule 61(i)(4) and the Court denied Defendant's motion for counsel.[6]

5. On June 18, 2015, Defendant filed the pending Motion seeking relief from the Court's Order dated January 6, 2015, on ground that the Court overlooked the principles of the Sixth Amendment and the right to effective counsel.[7]

6. As the Court explained in *State v. Newton*, "This is a criminal matter. It is governed by the Superior Court Rules of Criminal Procedure. Only cases not provided for in the criminal rules are covered by the civil rules. Criminal Rule 61 clearly covers the claims made by Defendant now."[8] Defendant cannot use Civil Rule 60 to overcome the procedural bars of

---

(Del. Mar. 24, 2015) (affirming the Superior Court's sentence imposed on September 20, 2013).

[5] Def.'s Mot. for Postconviction Relief, 3-4.

[6] *State v. Anderson*, 2015 WL 121879, at *1–4 (Del. Super. Jan. 6, 2015) (denying Defendant's motion for postconviction relief).

[7] *Anderson v. State*, 2015 WL 1396360, at *1–2 (Del. Mar. 24, 2015) (affirming the Superior Court's denial of Defendant's first motion for postconviction relief).

[8] 2013 WL 7084798, at *1 (Del. Super. Oct. 14, 2013).

3

Criminal Rule 61.[9]

7. Even if the Court considers the pending Motion as Defendant's SECOND motion for postconviction relief, Defendant is unsuccessful.

8. Pursuant to Rule 61(d)(2), the Court shall summarily dismiss second motions for postconviction relief unless the movant was convicted after a trial and the postconviction motion pleads with particularity either new evidence or a new rule of constitutional law made retroactive and applicable to the movant's case.[10] Here, Defendant was not convicted after a trial. Rather, Defendant entered a guilty plea in open court and on the record. Therefore, Defendant's Motion, considered as a SECOND motion for postconviction relief, must be summarily dismissed.

**NOW, THEREFORE, on this 24th day of June 2015, Harry W. Anderson's Motion for Relief from Judgment is hereby DENIED.**

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[9] *Id.*

[10] Super. Ct. Crim. R. 61(d)(2)(i), (ii).